UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>   Plaintiff,<br><br>   v.<br><br>SANDRA GARVIA, *et al.*,<br><br>   Defendants. | Case No. 2:23-cv-02177-DJC-JDP<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED<br><br>ECF No. 10<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff brings this action against defendants Sandra Garcia ("Sandra"), Ernesto Artiaga ("Ernesto"), and Gabriela Artiaga ("Gabriela"), alleging that defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189; California Health and Safety Code § 19955, *et seq.*; California's Civil Rights Act, Cal. Civ. Code §§ 54, 54.1, and 54.3; and the California Unruh Civil Rights Act ("Unruh Act").[1]  Defendants have not answered the complaint or otherwise appeared in this action.  Plaintiff filed a motion for default judgment on his ADA and Unruh Act claims, which was before me for hearing on June 6, 2024.[2]  ECF No. 10.  For the following reasons, I recommend that the motion be granted.

---

[1] To avoid confusion, I refer to defendants by their first names.

[2] At the hearing, plaintiff's counsel requested that the remaining claims under California Health and Safety Code § 19955, *et seq.*, and California's Civil Rights Act, Cal. Civ. Code §§ 54, 54.1, and 54.3 be dismissed.  I recomend that request be granted.

1

## Background

The complaint alleges that plaintiff is physically disabled and must use a walker for mobility. ECF No. 1 ¶ 6. Defendant Sandra is the owner and operator of a business named "Ernie's Taqueria," located at 110 South 3rd Steet in Patterson, California. *Id.* ¶ 3. Defendants Ernesto and Gabriela own the real property on which Sandra operates her business. *Id*. The business is open to the public and is a place of public accommodation. *Id.* ¶¶ 3-4, 11. On August 19, 2023, and September 19, 2023, plaintiff visited Ernie's Taqueria and encountered multiple architectural barriers. *Id*. ¶¶ 4, 12-13. Specifically, the business did not have an accessible bathroom, *id.* ¶ 4a; the dining room did not have accessible tables, *id.* ¶ 4b; and the path of travel from the public sidewalk and parking area to the main entrance contained a ramp that was too steep and narrow, *id.* ¶ 4c.

Plaintiff personally served Sandra on October 14, 2023; service for Ernesto and Gabriela was completed by substitute service on October 26, 2023. ECF No. 5; *see* Fed. R. Civ. P. 4(e); Cal. Civ. P. § 415.20(b). After defendants failed to timely respond to the complaint, plaintiff requested entry of their default, ECF No. 6, which the Clerk of Court entered on February 2, 2024, ECF No. 7. Plaintiff now moves for default judgment on his ADA and Unruh Act claims. He seeks $8,000 in statutory damages under the Unruh Act, as well as injunctive relief and attorney's fees and costs.

## Legal Standard

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a

> dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**Discussion**

**A.     Americans with Disabilities Act**

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

To succeed on an ADA disability discrimination claim, a plaintiff "must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1212 (9th Cir. 2020) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)). To succeed on such a claim, a plaintiff must also prove that: (1) the existing facility at the

3

defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Gilbert v. Shahi Assocs., Inc.*, No. 1:21-cv-01375-DAD-SAB, 2022 WL 1557162, at *8 (E.D. Cal. May 17, 2022) (quoting *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)); *see also Wyatt v. Ralphs Grocery Co.*, 65 F. App'x 589, 590 (9th Cir. 2003).

The complaint alleges that plaintiff is disabled and that defendants are the owners and operators of a place of public accommodation. ECF No. 1 ¶¶ 3-8, 11-17. Plaintiff also alleges that defendants denied him public accommodation because the restaurant did not have an accessible bathroom; the dining room did not have accessible tables; and there was no accessible path of travel from the public sidewalk and parking area to the business's front entrance. *Id.* ¶ 4. He further alleges that these architectural barriers can be removed without significant difficulty or expense. *Id.* ¶ 5. These allegations are sufficient to state an ADA claim. *See Molski*, 481 F.3d at 730. Accordingly, the second and third Eitel factors—the merits of the substantive claim and sufficiency of the complaint—weigh in favor of default judgment.

Furthermore, many of the remaining Eitel factors weigh in favor of granting plaintiff's motion. Defendants were properly served, *see* ECF No. 5, but have not responded to the complaint. Thus, it appears that their default was not entered due to excusable neglect. Moreover, the relief sought is authorized by statute and, accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Additionally, because defendants have not appeared in this action, plaintiff has no recourse for obtaining relief absent default judgment. Finally, although decisions on the merits are favored, such a decision is impossible where the defendant declines to take part in the action. *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Accordingly, plaintiff is entitled to default judgment on his ADA claim.

B.     **Unruh Civil Rights Act**

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act provides that a violation of the ADA constitutes a violation of the Unruh Act. *See Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1131 (E.D. Cal. 2002); Cal. Civ. Code § 54.1(d). Violations of the Unruh Act permits statutory damages in the amount of $4,000 for each occasion that a plaintiff is denied equal access. *Id.* § 52(a). Since plaintiff's Unruh Act claim is predicated on defendants' alleged violation of the ADA, he is entitled to $8,000 in statutory damages for the two occasions he denied access the business.

C.     **Attorneys' Fees and Costs**

Plaintiff also seeks attorney's fees and costs. He requests $859.50 in costs, which consists of a $150 fee to obtain ownership deed information from an assessor's office, the $402 filling fee, and $307.50 for completing service. ECF No. 10-1 at 5. These fees are reasonable and should be granted.

Plaintiff also seeks $2,415 in attorney's fees. To determine the reasonableness of attorney's fees, the court uses the lodestar method. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Fischer v. SJB-P.D. Inc.*, 2124 F.3d 1115, 1119 (9th Cir. 2000). Under that method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Id.*

Plaintiff's request is based on 6.9 hours at a rate of $350 per hour for work performed by attorney Richard Mac Bride. Both the hourly rate and the time spent litigating this case are reasonable.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment, ECF No. 10, be granted.

     2. Default judgment be entered against defendants on plaintiff's ADA and Unruh Act claims.

     3. Plaintiff's remaining claims be dismissed without prejudice.

     4. Plaintiff be granted an injunction requiring defendants to provide an accessible bathroom, dining area, and path of travel from the public sidewalk and parking area to the business's main entrance.

     5. Plaintiff be awarded attorneys' fees and costs in the amount of $3,274.50.

     6. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 9, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE